IN RE INTEREST OF KAYLA F. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, AND KRISTINA L.,
FORMERLY KNOWN AS KRISTINA F., APPELLANT,
V. RICHARD F., APPELLEE.

698 N.W.2d 468

Filed June 28, 2005. No. A-05-442.

Daniel J. Thayer for appellant.

Todd V. Elsbernd, of Bradley, Elsbernd, Emerton & Andersen, P.C., for appellee Richard F.

SIEVERS, CARLSON, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Kristina L., formerly known as Kristina F. and the natural mother of the minor children herein, appealed from the order of the county court for Hall County, sitting as a juvenile court, dismissing her request for termination of the parental rights of Richard F., the natural father of the children. Richard filed a motion for summary dismissal pursuant to Neb. Ct. R. of Prac. 7B (rev. 2001), alleging, in what appears to be a matter of first impression, that this court lacks jurisdiction due to Kristina's failure to file a cost bond pursuant to Neb. Rev. Stat. § 25-1914 (Cum. Supp. 2004).

## PROCEDURAL BACKGROUND

On December 17, 2003, Kristina filed a "Juvenile Complaint" seeking to have Richard's parental rights to the minor children terminated. Following a hearing and after finding the evidence to be insufficient, the court, in a journal entry filed on March 2, 2005, denied Kristina's motion to terminate Richard's parental rights.

On April 1, 2005, Kristina filed a notice of appeal and paid the statutory docket fee. On May 13, Richard filed a motion for summary dismissal alleging that Kristina failed to pay a cost

bond of $75 to the county court for Hall County as required by § 25-1914 and that this court therefore lacked jurisdiction to hear the matter.

## ANALYSIS

*Jurisdictional Requirement?*

 In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Anthony R. et al.*, 264 Neb. 699, 651 N.W.2d 231 (2002). The procedure for appealing a final order entered by a juvenile court is set forth in Neb. Rev. Stat. § 43-2,106.01(1) (Reissue 2004), which provides in pertinent part: "Any final order or judgment entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals."

Richard's motion for summary dismissal is premised upon § 25-1914, which states:

On appeal in any case taken from the district court to the Court of Appeals or Supreme Court, other than an appeal pursuant to section 71-6904, the appellant or appellants shall, within thirty days after the entry of the judgment, decree, or final order sought to be reversed, vacated, or modified or within thirty days after the entry of the order overruling a motion for a new trial in such cause, (1) file in the district court a bond or undertaking in the sum of seventy-five dollars to be approved by the clerk of the district court, conditioned that the appellant shall pay all costs adjudged against him or her in the appellate court, or (2) make a cash deposit with the clerk of at least seventy-five dollars for the same purpose. If a supersedeas bond is executed, no bond for costs shall be required. The giving of either form of bond or the making of such deposit shall be certified to by the clerk of the district court in the transcript for the appellate court. The appeal may be dismissed on motion and notice in the appellate court if no bond has been given and certified in the transcript or within such additional time as may be fixed by the appellate court for good cause shown.

In response, Kristina argues that the $75 appeal bond is not statutorily required and that "[t]he plain language of Neb. Rev. Stat. § 25-1912 [(Cum. Supp. 2004)] does not, in any interpretation, require an appeal bond to be paid from a county court trial to the Court of Appeals."

 In our examination of Nebraska case law involving appeals from juvenile matters, we were unable to find a single reference to § 25-1914. Moreover, the plain language of § 25-1914 gives this court discretion to dismiss an appeal on motion and notice "if no bond has been given and certified in the transcript or within such additional time as may be fixed by the appellate court for good cause shown." Our statutory law states, and our case law holds, that to perfect an appeal from a juvenile court to an appellate court, the appealing party must, within 30 days after the rendition of such judgment, (1) file a notice of appeal with the juvenile court and (2) deposit with the clerk of the juvenile court the docket fee required by law. *In re Interest of T.W. et al.*, 234 Neb. 966, 453 N.W.2d 436 (1990). See, Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004); *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996). Section 25-1912(4) states in part:

> [A]n appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court, and after being perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional.

Kristina timely filed a notice of appeal and paid the docket fee. Under the law set forth above, she has done all that she must do to vest jurisdiction with this court.

### Does § 25-1914 Apply to Juvenile Appeals?

However, the questions remain whether the requirement of an appeal bond in § 25-1914, although not jurisdictional, applies in a juvenile case, and if so, because Kristina has not filed such a bond, whether this court should exercise its discretion to dismiss the appeal. To answer the first question, we focus upon

the language of § 43-2,106.01(1) stating that judgments and final orders in juvenile cases "be appealed . . . in the same manner as an appeal from district court to the Court of Appeals."

■ Statutory interpretation presents a question of law. *Rauscher v. City of Lincoln,* 269 Neb. 267, 691 N.W.2d 844 (2005). We find no previous instance in which a Nebraska appellate court has considered whether § 25-1914 applies in the appeal of a juvenile case. We think it is clear that § 43-2,106.01(1) contemplates the procedures for appeal set forth in § 25-1912, including, inter alia, requirements for the filing of a notice of appeal and the deposit of a docket fee. But we find the language in § 43-2,106.01(1) directing that an appeal be made "in the same manner" as an appeal from the district court to be ambiguous regarding the requirement set forth in § 25-1914 for an appeal bond.

We observe that Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2004), which governs appeals arising under the Nebraska Probate Code and in all matters in county court arising under the Nebraska Uniform Trust Code, employs language nearly identical to that of § 43-2,106.01(1). However, § 30-1601(3) also contains an express requirement for a bond, but the bond contemplated by § 30-1601(3) clearly constitutes a supersedeas bond. That requirement is analogous to, but differs in certain respects from, the supersedeas bond contemplated by Neb. Rev. Stat. § 25-1916 (Cum. Supp. 2004). We do not consider that the provision in § 30-1601(3) for a supersedeas bond in appeals under the probate or trust codes speaks to the applicability of the appeal bond requirement set forth in § 25-1914.

We also observe that Neb. Rev. Stat. § 43-112 (Reissue 2004) provides for an appeal, in a matter involving an adoption, "from the county court to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." Thus, like § 43-2,106.01(1), §§ 30-1601 and 43-112 provide for appeals "in the same manner as an appeal from district court to the Court of Appeals," but do not expressly address the requirement set forth in § 25-1914 for an appeal bond.

■ We think the interpretation most consistent with the plain and ordinary meaning of the words used by the Legislature requires that the procedures specified in the statutes governing

appeals from the district court be applied in these other special contexts except where the specific language of the special appeal statute provides otherwise. For example, under this approach, the requirement for a supersedeas bond under § 30-1601(3) in probate and trust appeals would supplant the provisions of § 25-1916 in such appeals. Because the juvenile appeal statute, like the other specialized appeal statutes, does not specifically address the matter of an appeal bond, we conclude that the "same manner" of taking an appeal includes the appeal bond requirement set forth in § 25-1914.

■ It then becomes necessary to consider whether the appeal should be dismissed because Kristina has not filed the required bond. Section 25-1914 also authorizes this court to grant additional time to file the bond "for good cause shown." Given the absence of any previous decision on this point, we believe that Kristina's argument that § 25-1914 does not apply to appeals in juvenile cases constitutes good cause for granting additional time to deposit the bond with the county court. We therefore allow Kristina a period of 14 days from the date of release of this opinion to accomplish such deposit. The clerk of the county court shall, by supplemental transcript and within 3 days after the expiration of the 14 days, certify to the clerk of this court concerning the deposit of such bond or the failure to do so. The dismissal of the appeal by this court will follow upon such failure.

## CONCLUSION

We conclude that Kristina's failure to file an appeal bond does not deprive this court of jurisdiction, but may result in a dismissal of the appeal under § 25-1914. In our discretion, we grant Kristina an additional period of 14 days to deposit the bond and determine that failure to do so will result in dismissal of the appeal. Therefore, at this time, we overrule Richard's motion for summary dismissal.

MOTION FOR SUMMARY DISMISSAL OVERRULED.