ALFRED S. TURCO, JR., APPELLEE AND CROSS-APPELLANT, V.
KENNETH SCHUNING, APPELLEE, AND NORTH AMERICAN
TRUCK AND TRAILER, INC., A SOUTH DAKOTA
CORPORATION, APPELLANT AND CROSS-APPELLEE.
716 N.W.2d 415

Filed June 16, 2006. No. S-05-068.

Dallas D. Jones and Jenny L. Panko, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellant.

Thomas J. Young for appellee Alfred S. Turco, Jr.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This appeal presents the question, How should the proceeds of a third-party settlement be distributed between an injured employee and the employer's insurer under the Nebraska Workers' Compensation Act? North American Truck and Trailer, Inc. (North American) appeals the district court's order awarding Alfred S. Turco, Jr., an employee of North American who was injured in a motor vehicle accident, the entire amount of a tort claim settlement. North American asked for a subrogation interest in the settlement. The court, however, determined that Turco had not been "made whole" and denied subrogation under principles of equitable subrogation. We determine that the settlement of a third-party claim under Neb. Rev. Stat. § 48-118 (Reissue 2004) (now codified at Neb. Rev. Stat. § 48-118.04 (Supp. 2005)) does not require that the employee be "made whole" before the employer can subrogate. Instead, under the plain language of § 48-118, the court shall order a fair and reasonable distribution, and the application of a specific doctrine is not required. Accordingly, we reverse, and remand with directions.

## BACKGROUND

North American employed Turco as an outside sales representative. In 2001, while working for North American, Turco's vehicle was struck by another vehicle driven by Kenneth Schuning.

Turco was driving a vehicle owned by Joan Turco. Joan's liability policy included a provision for $100,000 underinsured motorist coverage. Turco settled a claim against Schuning's insurance company for the policy limits of $250,000. North American's insurance carrier also paid Turco $145,682.50 for workers' compensation benefits.

Turco filed an application in the district court for Douglas County under § 48-118 requesting that the court make a fair and equitable distribution of the $250,000 settlement. North American claimed it had a subrogation interest in the settlement. At the distribution hearing, Turco presented evidence that his damages were about $607,670, and the district court made the following factual findings regarding his damages: (1) lost income: $125,000; (2) loss of earning capacity: $300,000; (3) pain and suffering: $80,000; and (4) medical expenses: $80,000.

The court determined that § 48-118 "injected an element of equity into a Nebraska's [sic] statutory right of subrogation where one was not present before." The court then determined that § 48-118 required it to apply principles of equitable subrogation, which required that Turco be "made whole" before North American could subrogate. Because Turco suffered damages totaling more than twice the settlement amount of $250,000 and the settlement would not make him whole, the court awarded Turco the entire settlement. North American appeals, and Turco cross-appeals.

## ASSIGNMENTS OF ERROR

North American assigns, rephrased and consolidated, that the district court erred in (1) finding that the "made whole" doctrine applies to § 48-118, (2) determining that Turco was not "made whole" and failing to consider benefits already paid when reaching that determination, (3) failing to consider other sources of recovery available, (4) awarding the full settlement to Turco, and (5) failing to provide a credit for future benefits.

## STANDARD OF REVIEW

■ The meaning of a statute is a question of law. *Lamar Co. v. Omaha Zoning Bd. of Appeals,* ante p. 473, 713 N.W.2d 406 (2006).

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *McCray v. Nebraska State Patrol, ante* p. 1, 710 N.W.2d 300 (2006).

## ANALYSIS

North American contends that the court erroneously applied equitable subrogation by denying its subrogation claim until Turco had been "made whole." North American argues that § 48-118, which was amended in 1994, altered common-law equitable subrogation in workers' compensation subrogation disputes. Turco, however, argues that the amendment to § 48-118 specifically adopts equitable subrogation and the "made whole" doctrine.

■ Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Metropolitan Util. Dist. v. Aquila, Inc., ante* p. 454, 712 N.W.2d 280 (2006). In the absence of ambiguity, courts must give effect to the statutes as they are written. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *McCray v. Nebraska State Patrol, supra.*

Section 48-118 grants an employer's insurance company that has paid workers' compensation benefits to an employee injured by a third party a subrogation interest against payments made by the third party. The section provides that a settlement is void unless agreed to in writing by the employee and employer or the court determines that the settlement is fair and reasonable. At issue is the following language from § 48-118:

> If the employee or his or her personal representative and the insurer of the employer if there is one, and if there is no insurer, then the employer, do not agree in writing upon distribution of the proceeds of any judgment or settlement, the court upon application shall order a fair and equitable distribution of the proceeds of any judgment or settlement.

Before the amendment, § 48-118 did not include language requiring the court to order a fair and equitable distribution. In

the absence of specific contractual or statutory provisions, we have said that equitable principles apply even when a subrogation right is based on contract. See *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993), *disapproved on other grounds, Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004). Applying basic equitable principles, we held in *Frohlich* that "in the absence of a valid contractual provision or *statute* to the contrary, an insurer may exercise its right of subrogation only when the insured has obtained an amount that exceeds the insured's loss." (Emphasis supplied.) 243 Neb. at 122, 498 N.W.2d at 81. In other words, the insured had to be "made whole" before the insurer could subrogate.

We have also recognized, however, that statutory subrogation presents a different scenario. "Statutory and equitable subrogation coexist, but we have never employed a hybrid of statutory and equitable subrogation without direction from the Legislature to do so." *Jackson v. Branick Indus.*, 254 Neb. 950, 960, 581 N.W.2d 53, 59 (1998). In *Branick Indus.*, we held that the amendment to § 48-118 was substantive rather than procedural. We noted that the amendment injected equity into statutory subrogation when one was not present before. We did not, however, hold that the statute adopted pure equitable subrogation.

Now, § 48-118 includes language providing for a fair and equitable distribution. It does not, however, adopt the "made whole" doctrine. Nor does it adopt any other specific rule for determining how to fairly and equitably distribute the settlement. Instead the language is plain: The court "shall order a fair and equitable distribution." Because we apply statutory subrogation, we decline to further read into § 48-118 a requirement that the employee be "made whole."

Turco, however, argues that under our decision in *Dailey, supra,* equitable subrogation and the "made whole" doctrine must be applied to every case. We disagree. In *Dailey*, we addressed a contractual provision that sought to alter equitable subrogation. We did not discuss the effect of a specific statutory provision. A case is not authority for any point not necessary to be passed on to decide the case. *Detter v. Miracle Hills Animal Hosp.*, 269 Neb. 164, 691 N.W.2d 107 (2005).

North American next argues that under § 48-118, we should adopt a "rule of proportionality" to determine what constitutes a fair and equitable distribution. Brief for appellant at 29. According to North American, under such rule, "each party should receive from the total recovery made, a proportionate share of the tort proceeds, based on the net losses suffered by the parties." *Id.*

We decline to adopt such rule. Section 48-118 does not prescribe an exact formula for the trial court to apply when making a fair and equitable distribution, and we will not read such formula into the statute. It is not within the province of this court to read a meaning into a statute that is not there. See *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004). Instead, under the plain language of § 48-118, the trial court shall make a fair and equitable distribution. The distribution is left to the court's discretion. We determine that the court erred when it concluded that it was required to apply the "made whole" doctrine.

Next, North American argues that the district court erred by failing to consider all sources of recovery available, particularly $100,000 of underinsured motorist insurance available. It also argues that it should get a credit for future amounts of compensation paid. The record, however, does not show that underinsured motorist benefits have been received or will be received. Nor does the record show the amount of future compensation. Should further distribution claims arise from future settlements, or should North American believe in the future that it no longer owes compensation, those issues may be handled by the court at that time.

## CROSS-APPEAL

On cross-appeal, Turco contends that if the matter is remanded and the court determines that North American is entitled to a portion of the settlement, the court must address attorney fees. We agree and direct that if necessary, apportionment of attorney fees be considered on remand. See, Neb. Rev. Stat. § 48-118.02 (Supp. 2005) (providing for apportionment of attorney fees); *Jameson v. Liquid Controls Corp.*, 260 Neb. 489, 618 N.W.2d 637 (2000).

## CONCLUSION

We determine that § 48-118 does not mandate that the employee be "made whole." Instead, it requires a fair and equitable distribution to be determined by the trial court under the facts of each case. Because the trial court erroneously determined that it was required to apply the "made whole" doctrine, we reverse, and remand with directions that the court fairly and equitably distribute the settlement. If necessary, the court is also directed to consider apportionment of attorney fees.

REVERSED AND REMANDED WITH DIRECTIONS.