REQUESTED BY: Gerry Oligmueller, acting DAS Director, Claims Board Member on behalf of the Board.
You have requested an opinion of the Attorney General concerning issues relating to the statute of limitations for filing claims governed by the Miscellaneous Claims Act, Neb. Rev. Stat. §§ 81-8,294 to 81-8,301
(2003). More specifically you have posed the following three questions:
1. Does the two-year statute of limitations set forth in Neb. Rev. Stat. § 25-218 (1995), apply to claims filed against the State under the Miscellaneous Claims Act?
2. Does the two-year statute of limitations set forth in Neb. Rev. Stat. § 25-218 (1995), apply to Miscellaneous Claims filed against the State under Neb. Rev. Stat. § 66-1531 (2003)?
3. Is there any exception to the application of Neb. Rev. Stat. §25-218 (1995) to Miscellaneous Claims filed against the State?
1. Does the two-year statute of limitations set forth in § 25-218
apply to claims filed against the State under the Miscellaneous Claims Act?
Yes. We believe that Neb. Rev. Stat. § 25-218 (1995) applies to miscellaneous claims filed pursuant to the Nebraska State Miscellaneous Claims Act, Neb. Rev. Stat. §§ 81-8,294 to 81-8,301 (2003) ("Miscellaneous Claims Act"). The Miscellaneous Claims Act does not contain a specific statute of limitations section or provision proscribing the time period for filing a miscellaneous claim against the State. However, § 25-218 states:
Every claim and demand against the State shall be forever barred unless action is brought thereon within two years after the claim arose. Every claim and demand on behalf of the State, except for revenue, or upon official bonds, or for loans or money belonging to the school funds, or loans of school or other trust funds, or to lands or interest in lands thereto belonging, shall be barred by the same lapse of time as is provided by the law in case of like demands between private parties. This section shall not apply to any claim or demand against the State regarding property taxes.
The opening sentence of § 25-218 says that "[e]very claim and demand against the State" is barred unless "action is brought thereon within two years after the claim arose." The plain language of this sentence demonstrates that the limitation applies to all "claims and demands;" this would include a miscellaneous claim filed under the Miscellaneous Claims Act. It is presumed the Legislature meant what it said when it classified "every claim and demand" as being subject to the two year limitation:
Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Metropolitan Util. Dist. v. Aquila, Inc., 271 Neb. 454, 712 N.W.2d 280
(2006). In the absence of ambiguity, courts must give effect to the statutes as they are written. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning.
Turco v. Schuning, 271 Neb. 770, 773, 716 N.W.2d 415, 417-18 (2006).
In other State claim statutory schemes, the Legislature enacted a specific statute of limitation that applies to a specific claim procedure. See, the State Tort Claims Act, Neb. Rev. Stat. § 81-8,227
(2003), and the Contract Claims Act Neb. Rev. Stat. § 81-8,306 (2003). However, as stated above, no specific statute of limitations was provided when the Miscellaneous Claims Act was enacted. Because §§81-8,227 81-8,306 are specific statutes of limitation, they would apply over the general statute of limitation found in § 25-218:
In determining which statute of limitations applies to any given cause of action, we bear in mind that a special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject. Wendeln v. The Beatrice Manor, Inc.,271 Neb. 373, 380, 712 N.W.2d 226, 235 (2006).
Therefore, the plain, ordinary meaning of § 25-218 is that every claim or demand against the State is barred if action is not brought thereon within two years from the time the claim arose. This would apply to miscellaneous claims.
We have had occasion to discuss this issue in a prior opinion request. In 1981, in Op. Att'y Gen. No. 81074 (April 14, 1981), we stated:
Second, you inquire whether there are any statutes of limitation which apply to the payment of "miscellaneous claims." Neb. Rev. Stat. § 25-218
(Reissue 1979) is a general statute which applies to all claims against the state for which there is no more specific limitation. Consequently, it appears that statute would apply to the payment of claims under Neb. Rev. Stat. § 81-8,236 (Reissue 1976).
The relevant language of §§ 25-218 81-8,236 has not changed since our 1981 opinion, and thus, our opinion that § 25-218 sets forth the applicable statute of limitations remains.
The fact that § 25-218 is contained in Article 2 of the Civil Procedure section of the Nebraska Statutes, does not restrict its application to the Miscellaneous Claims Act. In Alegent Health Bergan Mercy Medical Center v. Haworth, 260 Neb. 63, 615 N.W.2d 460 (2000), the Nebraska Supreme Court was asked to determine between competing statutes of limitation found in the Nebraska Hospital Medical Liability Act and the Nebraska Probate Code. The Court found that it was required to harmonize the two statutes to determine the intent of the Legislature, and ascertain which statute applied:
In determining which of these statutes applies in the present case, we are guided by the fundamental rule that statutes shall be construed in pari materia and from their language as a whole to determine the intent of the Legislature. All subordinate rules are mere aids in reaching this fundamental determination. Hoiengs v. County of Adams, 254 Neb. 64,574 N.W.2d 498 (1998). Also, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. Armour v. L.H., 259 Neb. 138, 608 N.W.2d 599 (2000); Ferguson v. Union Pacific RR. Co., 258 Neb. 78, 601 N.W.2d 907 (1999); Blue Valley Co-op. v. National Farmers Org., 257 Neb. 751, 600 N.W.2d 786
(1999). It is our duty to discover, if possible, legislative intent from the statute itself. Georgetowne Ltd. Part. v. Geotechnical Servs.,230 Neb. 22, 430 N.W.2d 34 (1988)
Alegent Health, 260 Neb. at 70-71, 615 N.W.2d at 466-67.
The language of § 25-218 does not state that every "civil action" shall be barred. A review of the other statutes of limitation found in Article 2 shows that it is an "action" that is barred within a particular time period. The plain language of § 25-218 specifies that the statute is setting out a bar for a "claim and demand."
Moreover, miscellaneous claims brought against the State are not subject to litigation in the judicial system. Neb. Rev. Stat. § 81-8,300
(2003), states, "If the claimant is dissatisfied with the decision [of the State Claims Board], he or she may file an application for review by the Legislature." Section 25-218 states that, "Every claim and demand against the State shall be forever barred unless action is brought thereon within two years after the claim arose." As stated above, "every claim and demand" includes miscellaneous claims. Thus, in the context of a miscellaneous claim, when harmonizing §§ 25-218 81-8,300, the phrase "action is brought thereon" can only mean the process of filing the claim with the State Claims Board, Neb. Rev. Stat. § 81-8,297 (2003), as that is the only mechanism that can be used to take legal action on a miscellaneous claim.
After reviewing the express language of the Miscellaneous Claims Act, the language of § 25-218, and harmonizing these provisions to give full effect to the Legislative intent contained therein, we believe § 25-218
is the applicable statute of limitations for filing miscellaneous claims against the State. Please note, the Miscellaneous Claim Act defines a miscellaneous claim as "any claim against the State for which there is no other specific provision of law for the resolution of such claim." Neb. Rev. Stat. § 81 8,295 (2003). There may be other specific provisions of law for bringing claims against the State that contain their own statute of limitations. We presume that under the principles set forth above in Wendeln v. The Beatrice Manor, Inc., 271 Neb. 373,712 N.W.2d 226 (2006), the specific statute of limitation would control over the general statute of limitation found in § 25-218.
2. Does the two-year statute of limitations apply to Miscellaneous Claims filed against the State under Neb. Rev. Stat. § 66-1531?
We believe that Neb. Rev. Stat. § 25-218 (1995) applies to miscellaneous claims filed pursuant to Neb. Rev. Stat. § 66-1531 (2003). Section 66-1531, authorizes the filing of a claim under the Petroleum Release Remedial Action Act (PRRAA):
A person, other than a responsible person, may file a claim with the State Claims Board under the State Miscellaneous Claims Act for (1) property damage caused by a release and (2) reasonable costs directly incurred due to uninhabitability of a dwelling or unfitness of a water supply caused by a release. . . . Any claim under this section shall be paid from the Petroleum Release Remedial Action Cash Fund within sixty days after the claim is approved pursuant to section 81-8,300, subject to section 66-1523.
Under the statutory construction principles identified above, the plain language of § 66-1531 indicates that a claim filed under the PRRAA is filed pursuant to the State Miscellaneous Claims Act, and shall be governed by the procedures of the State Miscellaneous Claims Act. We believe that because the Legislature intended for claims under the PRRAA to follow the procedures and guidelines of the State Miscellaneous Claims Act — and further, because there is no specific statute of limitations contained in the PRRAA — it reasonably follows that the statute of limitations applicable to miscellaneous claims applies to claims filed under the PRRAA.
This position is further supported by additional language in the Miscellaneous Claims Act. Section 81-8,297 specifically states that the State Claims Board "shall have the power and authority to receive, investigate, and otherwise carry out its duties with regard to . . . (5) all claims filed under § 66-1531."
It is clear from the foregoing that the Legislature intended claims filed under the PRRAA to be filed and processed as miscellaneous claims pursuant to the Miscellaneous Claims Act. As such, any claims filed under the PRRAA are governed by the statute of limitations set forth in § 25-218.
3. Is there any exception to application of § 25-218 to Miscellaneous Claims against the State?
Section 25-218 says "every" claim and demand is subject to the two year limitation. As set forth above, we believe this is the general statute of limitations for every claim or demand against the State. To the extent there are specific or special provisions that apply a different statute of limitation for a particular miscellaneous claim or demand, the specific or special statute of limitation may apply over the general statute of limitation.
CONCLUSION
In conclusion, claims against the State filed pursuant to the Miscellaneous Claims Act, as well as claims filed pursuant to Neb. Rev. Stat. § 66-1531 (2003), are governed by the two-year statute of limitations in Neb. Rev. Stat. § 25-218 (1995). Moreover there does not appear to be any exception to the application of that statute with respect to miscellaneous claims against the State.
Very truly yours,
JON BRUNING Attorney General
Tom Stine Assistant Attorney General
 Approved by: __________________________ Attorney General