IN RE INTEREST OF JESSE D., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. JESSE D., APPELLEE, AND NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF JUVENILE SERVICES, APPELLANT.

732 N.W.2d 694

Filed May 8, 2007.    No. A-06-925.

Jon Bruning, Attorney General, and B. Gail Steen, Special Assistant Attorney General, for appellant.

Albert E. Maul, Thurston County Attorney, Steven S. Chase, and Raynette Sibert for appellee State of Nebraska.

INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.

INBODY, Chief Judge.

## INTRODUCTION

The Nebraska Department of Health and Human Services, Office of Juvenile Services (OJS), appeals from the order of the Thurston County Court, sitting in its capacity as a juvenile court, refusing to terminate jurisdiction over Jesse D. For the reasons set forth herein, we dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

In June 2006, OJS recommended that the Thurston County Court terminate its jurisdiction over Jesse. On July 20, the Thurston County Court denied OJS' request to terminate jurisdiction. The State timely filed its notice of appeal and attempted to pay the docket fee by credit card. However, the Thurston County Court does not have the capability of accepting payments by credit card. A note was included in the transcript from Thurston County's clerk magistrate, which note states, in part:

> [A]n error was made by neglecting to advise . . . Counsel for [OJS] that the Thurston County Court does not have the ability to accept payment of filing fees via credit card . . . .
>
> Upon being advised of said error, the Clerk Magistrate has now collected the filing fee and is re-submitting the . . . clerk's certificate with pleadings to the Nebraska Court of Appeals with this statement of error.

The docket fee was paid on August 24.

## ASSIGNMENTS OF ERROR

OJS contends that the county court, sitting in its capacity as a juvenile court, erred in failing to recognize that OJS had discharged the juvenile and in ordering further disposition instead of terminating jurisdiction.

## ANALYSIS

Before addressing OJS' assigned errors, we must first consider whether we have jurisdiction over this appeal. It is the

duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006); *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005).

> Our statutory law states, and our case law holds, that
> to perfect an appeal from a juvenile court to an appellate court, the appealing party must, within 30 days after the rendition of such judgment, (1) file a notice of appeal with the juvenile court and (2) deposit with the clerk of the juvenile court the docket fee required by law.

*In re Interest of Kayla F. et al.*, 13 Neb. App. 679, 682, 698 N.W.2d 468, 471 (2005). See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2006).

Section 25-1912(4) states in part:

> [A]n appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court, and after being perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional.

In the instant case, OJS attempted to pay the required docket fee by credit card, but the Thurston County Court was not equipped to accept credit card payments. "Each county court may accept credit cards as a means of payment for any money due the court" but is not required to do so. Neb. Rev. Stat. § 25-2710 (Reissue 1995). Courts are also not required to accept payment of fees for fax transmissions by credit card. See Neb. Ct. R. for Use of Fax Machines in State Cts. 7 (rev. 2000) ("[a]t the receiving court's option, the fee for a fax transmission may be paid by credit card").

Further, the county court magistrate did not advise OJS that the court did not accept credit cards as payment. However, the magistrate was not required to do so. Neb. Ct. R. for Use of Fax Machines in State Cts. 9 (rev. 2000) provides, in part:

> The sender bears all risk in a fax transmission. Electronic transmission of a document by means of a fax machine does not constitute filing; filing is complete only after the

receiving clerk's acceptance for filing in compliance with applicable statutes and these rules. . . . Any fax transmission containing an error that prevents filing may be disregarded by a clerk, but shall be retained for 10 days and thereafter disposed of unless within 10 days of the fax transmission the sender shall have requested judicial review of the rejection for filing. If a clerk rejects a filing in a pending proceeding, the clerk's rejection shall be noted on the docket of the court in which the proceeding is pending. A clerk is not required to acknowledge that a fax transmission has been received or accepted for filing.

■ Although OJS may have believed that payment of the docket fee had been accepted, OJS, as the sender, bore the risk of the fax transmission. Although we have no doubt that OJS acted in good faith in attempting to pay the required docket fee by credit card, there does not exist a "good faith" exception to the requirement of timely payment of the docket fee in order for this court to acquire jurisdiction. "'When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly.'" *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 632, 544 N.W.2d 509, 512 (1996) (quoting *Friedman v. State*, 183 Neb. 9, 157 N.W.2d 855 (1968)).

The simple fact is that although OJS attempted to tender payment of the docket fee during the 30 days after the entry of the county court's order, the docket fee was not actually paid until August 24, 2006, which was more than 30 days after entry of the county court's order. Since OJS did not pay the required docket fee within 30 days after the county court's order and said payment is a jurisdictional requirement, this court lacks jurisdiction over this appeal. Consequently, this appeal must be dismissed for lack of jurisdiction.

APPEAL DISMISSED.