Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2016 12:10 PM CDT

In re Estate of Bruce F. Evertson, deceased.
Travelers Indemnity Company, appellant, v.
Julie A. Wamsley, personal representative
of the Estate of Bruce F. Evertson,
deceased, appellee.

___ N.W.2d ___

Filed March 8, 2016.    No. A-15-104.

1. **Workers' Compensation: Judgments: Appeal and Error.** Distribution
   of the proceeds of a judgment or settlement under Neb. Rev. Stat.
   § 48-118.04 (Reissue 2010) is left to the trial court's discretion and is
   reviewed by an appellate court for an abuse of that discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion requires
   that the reasons or rulings of a trial judge be clearly untenable, unfairly
   depriving a litigant of a substantial right and a just result.
3. **Statutes.** To the extent there is conflict between two statutes on the
   same subject, the specific statute controls over the general statute.
4. **Courts: Appeal and Error.** The authority to dismiss an appeal con-
   ferred by Neb. Rev. Stat. § 30-1601(3) (Cum. Supp. 2014) is permissive
   or discretionary in nature.

Appeal from the County Court for Morrill County: Paul G.
Wess, Judge. Affirmed.

Gregory W. Plank, of Ray Lego & Associates, for appellant.

R. Kevin O'Donnell, of Law Office of R. Kevin O'Donnell,
P.C., L.L.O., for appellee.

Moore, Chief Judge, and Irwin and Inbody, Judges.

Inbody, Judge.

## INTRODUCTION

Travelers Indemnity Company (Travelers) appeals the order of the Morrill County Court finding that Travelers was to receive no proceeds in a fair and equitable distribution of third-party settlement proceeds.

## STATEMENT OF FACTS

On February 4, 2014, Bruce F. Evertson, chief executive officer of Evertson Well Service, Inc., was killed after being involved in a motor vehicle accident with a tractor-trailer unit driven by Dennis Dobrinski. Evertson was killed while acting in the course and scope of his employment. Travelers provided insurance for Evertson Well Service pursuant to the Nebraska Workers' Compensation Act. Travelers is paying benefits to Darla Evertson (Darla), Evertson's surviving spouse, of $728 per week, which benefits will be paid until she dies or remarries. If Darla remarries, Travelers will pay her a 2-year lump sum settlement. According to the life expectancy table found in the "Nebraska Workers['] Compensation Rules of Procedure Addendum 2," Darla has a life expectancy of 27.6 years.

The Estate of Bruce F. Evertson (Estate) resolved the wrongful death claims with Dobrinski's insurance carrier, Employers Mutual Casualty (EMC). Travelers consented to the settlement. EMC paid $500,000 from the policy to the Estate, of which $125,000 was allocated to Evertson's adult son, $125,000 was allocated to Evertson's adult daughter, and $250,000 was allocated to Darla.

On August 4, 2014, Travelers filed a statement of claim asserting a workers' compensation lien and future credits. A hearing was held on November 17 to determine a fair and equitable division of the $250,000 of settlement proceeds between Travelers and Darla and the amount, if any, of Travelers' future credit. See Neb. Rev. Stat § 48-118.04 (Reissue 2010).

At the hearing, Travelers claimed a subrogation interest in the entire $250,000 allocated to Darla pursuant to Neb.

- 736 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

Rev. Stat. § 48-118 (Reissue 2010) of the Nebraska Workers' Compensation Act. Six exhibits were received into evidence at the hearing: exhibit 1, the settlement agreement reached, inter alia, between EMC, Dobrinski, Darla, Evertson's son, and Evertson's daughter; exhibit 2, Darla's affidavit with Evertson's obituary attached; exhibit 3, an affidavit by the chief financial officer of Evertson Operating Company, Inc., the insured administrative company, setting forth premiums paid by Evertson Operating Company for workers' compensation insurance between May 1, 2009, and May 1, 2015; exhibit 4, an affidavit setting forth that the attorney fees, expenses, and court costs billed by Darla's attorneys in this case were $42,583.31; exhibit 5, a negotiation letter; and exhibit 6, the affidavit of the workers' compensation adjuster with attachments. The evidence showed that EMC had paid $26,208 in indemnity payments to Darla and $10,000 in funeral expenses. In addition to the EMC settlement, the parties stipulated that the agreement referenced an underinsured motorist (UIM) policy for Evertson Well Service with a policy limit of $1 million. Travelers requested that a second supplemental transcript be filed with this court which showed that on March 18, 2015, the county court entered orders approving the settlement of the UIM claim and approving the distribution of $500,000 of UIM settlement proceeds. However, these were obviously not considered by the county court at the hearing on November 17, 2014, and we likewise do not consider them on appeal. An appellate court reviews a case upon the evidence actually received and considered in the trial court. See *In re Estate of Baer*, 273 Neb. 969, 735 N.W.2d 394 (2007) (reason for rule presuming that, in absence of record of evidence considered by trial court, trial court's order was supported by evidence and was correct is to ensure that appellate court reviews case upon evidence actually received and considered in trial court). See, also, *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995) (before appellate court can consider issue of fact, evidence

- 737 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

must have been offered at trial and embodied in bill of exceptions filed with appellate court). Accord *Kellner v. Kellner*, 8 Neb. App. 316, 593 N.W.2d 1 (1999).

On December 29, 2014, the county court filed an order finding that a "fair and equitable" distribution of the settlement proceeds was for Darla to receive $207,416.69; for the Estate attorneys to receive $42,583.31 for their fees; and for Travelers to receive nothing. The county court set forth in its order that it considered factors contained in Evertson's obituary, including his 25-year marriage to Darla; their enjoyment of travel, family time, and fishing trips to Canada and Alaska; and their purchase of a "'dream home'" in California in 2013. The court also considered factors such as there was no evidence that Travelers helped finance the settlement between EMC and the Estate; there was evidence Travelers had charged and received the necessary premiums to provide workers' compensation coverage for Evertson Operating Company; and under all the circumstances, Travelers' financial risk was minimal and insurance companies are in the business of assuming risk.

On January 23, 2015, Travelers timely appealed that decision to this court. On February 2, the county court held that no supersedeas bond was required by Travelers in pursuing its appeal. Despite the court's ruling that no supersedeas bond was required, the following day Travelers paid a $75 cost bond.

## ASSIGNMENTS OF ERROR

Travelers' assignments of error, consolidated and restated, are that the county court erred (1) in failing to consider the potential settlement proceeds from the UIM policy in determining its award and (2) in denying Travelers any portion of the third-party settlement for amounts paid or future credits.

## STANDARD OF REVIEW

[1,2] Distribution of the proceeds of a judgment or settlement under § 48-118.04 is left to the trial court's discretion

- 738 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

and is reviewed by an appellate court for an abuse of that discretion. *Sterner v. American Fam. Ins. Co.*, 19 Neb. App. 339, 805 N.W.2d 696 (2011). See *Burns v. Nielsen*, 273 Neb. 724, 732 N.W.2d 640 (2007). A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. *Sterner, supra*. See *Burns, supra*.

## ANALYSIS

*Jurisdiction.*

Before addressing the merits of the assignments of error raised by Travelers, we address the Estate's claim that this court lacks jurisdiction over this appeal. The Estate argues that Travelers failed to timely file a cost bond, which the Estate contends was required by Neb. Rev. Stat. § 25-1914 (Reissue 2008). The Estate raised this same claim in a motion for summary dismissal which was denied.

[3] Contrary to the Estate's argument that a cost bond under § 25-1914 is applicable in the instant case, the probate code provides its own requirement for a supersedeas bond under Neb. Rev. Stat. § 30-1601(3) (Cum. Supp. 2014) in probate and trust appeals which supplants in such appeals the provisions of Neb. Rev. Stat. § 25-1916 (Reissue 2008) (general statute regarding supersedeas bonds). See *In re Interest of Kayla F. et al.*, 13 Neb. App. 679, 698 N.W.2d 468 (2005). Section 30-1601 applies to appeals "[i]n all matters arising under the Nebraska Probate Code . . . ." To the extent there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *Jeffrey B. v. Amy L.*, 283 Neb. 940, 814 N.W.2d 737 (2012).

[4] A supersedeas bond is mandatory in a probate appeal unless the appellant is a party specifically exempted from the requirement pursuant to § 30-1601(3). Section 30-1601(3) provides:

> When the appeal is by someone other than a personal representative, conservator, trustee, guardian, or guardian

- 739 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

ad litem, the appealing party shall, within thirty days after the entry of the judgment or final order complained of, deposit with the clerk of the county court a supersedeas bond or undertaking in such sum as the court shall direct, with at least one good and sufficient surety approved by the court, conditioned that the appellant will satisfy any judgment and costs that may be adjudged against him or her, including costs under subsection (6) of this section, unless the court directs that no bond or undertaking need be deposited. If an appellant fails to comply with this subsection, the Court of Appeals on motion and notice may take such action, including dismissal of the appeal, as is just.

The authority to dismiss an appeal conferred by § 30-1601(3) is permissive or discretionary in nature. See *In re Trust Created by Isvik*, 274 Neb. 525, 741 N.W.2d 638 (2007).

In the instant case, on January 23, 2015, Travelers filed its notice of appeal and docket fee, which was the same date it filed a motion to require the personal representative of the Estate to hold a portion of EMC funds in the attorney trust account. On February 2, the county court denied Travelers' motion and determined that no supersedeas bond was required by Travelers in pursuing its appeal. The authority to dismiss an appeal is permissive, and it would not be just to dismiss Travelers' appeal because the determination that Travelers was not required to post a supersedeas bond was made more than 30 days after the entry of the final order. Thus, the Estate's claim that we lack jurisdiction over this appeal is without merit.

*Failure to Consider Potential*
*UIM Policy Proceeds.*

Travelers contends that the county court erred in failing to consider the potential settlement proceeds from the UIM policy in determining its award. At the hearing, the parties stipulated that the settlement agreement referenced a UIM

- 740 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

policy for Evertson Well Service and that the UIM had a policy limit of $1 million. However, in *Turco v. Schuning*, 271 Neb. 770, 716 N.W.2d 415 (2006), the Nebraska Supreme Court rejected a claim that the district court erred in failing to consider UIM insurance available because the record did not establish that those benefits had been received or would be received. Likewise, in the instant case, although the parties indicated the presence of a UIM policy, the record at the time of the hearing did not establish that those benefits had been received or would be received. Therefore, this assignment is without merit.

*Failure to Award Travelers Anything*
*on Subrogation Claim.*

Travelers also contends that the county court erred in denying Travelers any portion of the third-party settlement for amounts paid or future credits.

Section 48-118 provides that when a third party is liable to an employee or employee's dependents for the injury or death of the employee, "the employer shall be subrogated to the right of the employee or to the dependents against such third person." Accord *Burns v. Nielsen*, 273 Neb. 724, 732 N.W.2d 640 (2007). Section 48-118.04 provides that a settlement is void unless agreed to in writing by the employee and employer or the court determines that the settlement is "fair and reasonable." Specifically, § 48-118.04 provides:

> If the employee or his or her personal representative or the employer or his or her workers' compensation insurer do not agree in writing upon distribution of the proceeds of any judgment or settlement, the court, upon application, shall order a fair and equitable distribution of the proceeds of any judgment or settlement.

Although Travelers claims that the county court erred in applying a "made whole" analysis instead of a "rule of proportionality" analysis, § 48-118.04 does not prescribe an exact formula for the trial court to apply when making a fair and

- 741 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

equitable distribution. *Turco, supra*. The Nebraska Supreme Court has refused to read such a formula into the statute and has specifically rejected the adoption of the "made whole" doctrine or the "rule of proportionality" to determine what constitutes a fair and equitable distribution. *Turco, supra*; *Sterner v. American Fam. Ins. Co.*, 19 Neb. App. 339, 805 N.W.2d 696 (2011) (abuse of discretion for court to apply "made whole" analysis in dividing settlement). Under the plain language of § 48-118.04, the trial court shall make a fair and equitable distribution; the distribution is left to the court's discretion and is to be determined by the trial court under the facts of each case. See, *Turco, supra*; *Sterner, supra*.

In the instant case, the county court conducted a fair and equitable analysis, taking into consideration various factors including Evertson's long-term marriage to Darla, their enjoyment of travel and family trips both in and out of this country, and their purchase of a "'dream home'" in California in 2013. The county court also considered factors such as that Travelers had charged and received the necessary premiums to provide workers' compensation coverage for Evertson Operating Company and that under all the circumstances, Travelers' financial risk was minimal and insurance companies are in the business of assuming risk. We disagree with Travelers' assessment that the county court was considering an equitable assessment in considering there was no evidence that Travelers helped finance the settlement between EMC and the Estate; rather, the county court's language indicates that the court was considering that Travelers did not expend any funds in securing the settlement.

Further, regarding Travelers' claim that the district court erred in failing to grant Travelers a future credit, Travelers claims that an employer or workers' compensation carrier is entitled under § 48-118 to treat amounts recovered by an employee from a settlement with a third-party tort-feasor exceeding the compensation benefits the employer or compensation carrier has paid as "advances against possible future

- 742 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE ESTATE OF EVERTSON
Cite as 23 Neb. App. 734

compensation." Brief for appellant at 17. In support of its claim, Travelers relies upon language contained in § 48-118 which provides:

Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents and shall be treated as an advance payment by the employer on account of any future installments of compensation.

The plain language of this portion of the statute refers to "[a]ny recovery by the employer against such third person . . . ." In this case, the recovery against the tort-feasor was not made by the employer or workers' compensation carrier; rather, it was made by the employee's personal representative on behalf of the Estate, which recovery would then be distributed to Darla, Evertson's son, and Evertson's daughter. Thus, the language relied upon by Travelers is not applicable to the instant case.

## CONCLUSION

After reviewing the record, we cannot say that the county court abused its discretion. Therefore, the decision of the county court determining a fair and equitable distribution of settlement proceeds is affirmed.

Affirmed.