IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF MADELINE C.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF MADELINE C., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

ANNETTE C., APPELLANT.

Filed July 27, 2021.   Nos. A-21-110, A-21-111.

Appeals from the County Court for Butler County: C. JO PETERSEN, Judge. Appeal in No. A-21-110 dismissed. Judgment in No. A-21-111 vacated, and cause remanded for further proceedings.

Timothy J. Wollmer, of Egr, Birkel & Wollmer, P.C., for appellant.

Tonia M. Soukup, Deputy Butler County Attorney, for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Madeline C., a juvenile, appeals from two orders of the Butler County Court, sitting as a juvenile court, which extended the term of her probation. We conclude that she has not timely appealed from the first order, case No. A-21-110, and that the court did not follow the required statutory procedures for the second order, case No. A-21-111. Accordingly, the appeal from the first order is dismissed, and the appeal from the second order is vacated and the cause is remanded for further proceedings.

- 1 -

BACKGROUND

On July 26, 2019, the State filed a petition to adjudicate Madeline alleging she was a child within the meaning of Neb. Rev. Stat. § 43-247(1) (Reissue 2016) because she had committed the offense of minor in possession of alcohol, a misdemeanor. On November 25, the State filed another petition to adjudicate Madeline pursuant to § 43-247(1), alleging that Madeline had committed the offense of providing false information, a misdemeanor. Madeline was 13 years old at the time both petitions were filed. The court adjudicated Madeline in both cases. On January 16, 2020, the court entered a disposition order in each case placing Madeline on probation for 9 months in each case, to run concurrently.

On April 23, 2020, the State filed a motion to revoke probation in each case based on probation violations. A hearing was held on the motions to revoke and Madeline admitted to violating probation conditions. On July 16, the court entered a disposition order in each case modifying the previous probation orders by placing Madeline in a residential treatment program. The orders stated that all other terms and conditions of the January 16 order of probation were continued in full force and effect. The court did not extend probation beyond the original 9-month term ending October 16.

On September 1, 2020, a probation officer filed a motion and proposed order with the court for both cases seeking to extend the term of probation by 6 months to April 16, 2021, to allow additional time for Madeline to complete programming at the residential treatment facility. The motion was signed by Madeline and one of her parents, acknowledging that they had read and understood the motion and agreed to its conditions. The court signed the probation officer's proposed order modifying disposition by extending probation to April 16.

On January 7, 2021, a "probation review" hearing was held for both cases. At this time, Madeline had been successfully discharged from the residential treatment program and was living back at home with her mother. Following the hearing, on its own motion, the court ordered that Madeline's probation would continue until she reached the age of majority. Madeline was about 15 years old at the time.

ASSIGNMENTS OF ERROR

Madeline assigns that the juvenile court erred in (1) entering orders materially modifying the probation disposition without complying with Neb. Rev. Stat. § 43-286 (Cum. Supp. 2020) and (2) entering orders materially modifying the probation disposition without any violation of probation terms, without any motion to revoke filed by the State, and without notice or hearing, advisement of rights, or opportunity to confront or cross-examine witnesses, which violated her due process rights.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Gabriel P.*, 29 Neb. App. 431, 954 N.W.2d 305 (2021).

ANALYSIS

In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Victor L.*, 309 Neb. 21, 958 N.W.2d 413 (2021).

Our statutory law states, and our case law holds, that to perfect an appeal from a juvenile court to an appellate court, the appealing party must, within 30 days after the rendition of such judgment, (1) file a notice of appeal with the juvenile court and (2) deposit with the clerk of the juvenile court the docket fee required by law. *In re Interest of Jesse D.*, 15 Neb. App. 534, 732 N.W.2d 694 (2007). See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2020).

It is well established that it is mandatory and jurisdictional that a notice of appeal be filed within the time required by statute; where a notice of appeal is not filed within 30 days from the entry of the final order appealed from, as required by § 25-1912(1), an appellate court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed. See *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021).

Madeline filed her notice of appeal on February 5, 2021, stating that she was appealing the orders entered on September 3, 2020, and January 7, 2021. Madeline's notice of appeal was filed more than 30 days after entry of the September 3, 2020, order. The September 3 order, which extended the term of probation for 6 months, is a final order affecting a substantial right made during a special proceeding and, therefore, it was necessary to file an appeal from such order within 30 days. See Neb. Rev. Stat. § 25-1902(1)(c) (Cum. Supp. 2020). Accordingly, we lack jurisdiction over the appeal as it relates to the September 3 order and the appeal from the September 3 order is dismissed. Madeline did timely appeal from the January 7, 2021, order and therefore, we will address her assignments of error as they relate to that order.

Madeline first assigns that the juvenile court erred in entering the January 7, 2021, order because it did not follow the procedures established under § 43-286 when it modified her probation by extending it to the age of majority.

Section 43-286 sets out a juvenile court's disposition options for juveniles who have been adjudicated under § 43-247(1), (2), or (4). Subsection (5) of § 43-286 authorizes a juvenile court to change an existing disposition of probation, but its power to do so is premised upon the existence of an appropriate motion and upon its compliance with the specified procedures. See *In re Interest of Josue G.*, 299 Neb. 784, 910 N.W.2d 159 (2018). The Nebraska Supreme Court has previously emphasized the importance of complying with the procedures under § 43-286(5), because a juvenile is entitled to procedural protections, including the right to confront and cross-examine adverse witnesses. *In re Interest of Josue G., supra.*

Section 43-286(5)(b) provides:

When a juvenile is placed on probation or under the supervision of the court for conduct under subdivision (1), (2), (3)(b), or (4) of section 43-247 and it is alleged that the juvenile has violated a term of probation or supervision or that the juvenile has violated an order of the court, a motion to revoke probation or supervision or to change the disposition may be filed and proceedings held as follows:

(i) The motion shall set forth specific factual allegations of the alleged violations and a copy of such motion shall be served on all persons required to be served by sections 43-262 to 43-267;

(ii) The juvenile shall be entitled to a hearing before the court to determine the validity of the allegations. . . .

(iii) The hearing shall be conducted in an informal manner . . . .

(iv) [providing for a preliminary hearing when the juvenile is confined, detained, or otherwise significantly deprived of his or her liberty];

(v) If the juvenile is found by the court to have violated the terms of his or her probation or supervision or an order of the court, the court may modify the terms and conditions of the probation, supervision, or other court order, extend the period of probation, supervision, or other court order, or enter any order of disposition that could have been made at the time the original order was entered; and

(vi) In cases when the court revokes probation, supervision, or other court order, it shall enter a written statement as to the evidence relied on and the reasons for revocation.

Under § 43-286, a juvenile court may not change a disposition unless the juvenile has violated a term of probation or supervision or the juvenile has violated an order of the court and the procedures established in subsection (5)(b) have been satisfied. See *In re Interest of Iyana P.*, 25 Neb. App. 439, 907 N.W.2d 333 (2018). In other words, the original dispositional order cannot be changed at the whim of the juvenile court judge, but only as provided in subsection (5)(b). See *In re Interest of Iyana P., supra.*

The Supreme Court and this court have both held that once a court has entered a disposition, it is plain error to change that disposition when the State has not complied with the applicable statutory procedures. See, *In re Interest of Josue G., supra*; *In re Interest of Iyana P., supra.*

The court's original dispositional order placed Madeline on probation for 9 months. On January 7, 2021, following a "probation review" hearing, the juvenile court ordered that Madeline's probation would continue to the age of majority, resulting in about 4 more years. There had been no motion filed to revoke probation or to change the disposition, and no allegation that she had violated a term of probation or an order of the court. In fact, there was discussion at the hearing about how well Madeline had done on probation up to that point.

The January 7, 2021, order constituted a change in the terms of Madeline's disposition and the court made this change without following the statutory procedures under § 43-286 to change a juvenile's dispositional order. The State agrees that the statutory procedures for changing an existing disposition were not satisfied. Because there was no motion filed and the applicable statutory procedures were not followed, the juvenile court had no authority to change the existing probation disposition in its January 7 order. Accordingly, the juvenile court erred in extending Madeline's probation to the age of majority and we vacate the court's January 7 order.

Madeline also assigns that the juvenile court violated her due process rights. We do not reach this assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *In re Interest of Josue G.*, 299 Neb. 784, 910 N.W.2d 159 (2018).

CONCLUSION

We do not have jurisdiction over Madeline's appeal from the juvenile court's September 3, 2020, order. The appeal is dismissed as it relates to that order. We conclude that the juvenile court exceeded its statutory authority in changing the terms of Madeline's probation in its January 7, 2021, order. Accordingly, we vacate the juvenile court's January 7 order and remand the cause to the juvenile court for further proceedings consistent with this opinion.

APPEAL IN NO. A-21-110 DISMISSED.

JUDGMENT IN NO. A-21-111 VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.