750 N.W.2d 345 (2008)
275 Neb. 908
In re Interest of MARKICE M., a child under 18 years of age.
State of Nebraska, appellee,
v.
Markice M., appellant.
No. S-07-572.
Supreme Court of Nebraska.
June 13, 2008.
*346 Thomas C. Riley, Douglas County Public Defender, and Nicole L. Cavanaugh for appellant.
Donald W. Kleine, Douglas County Attorney, and Eric W. Wells for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
In this appeal, Markice M. contends that the separate juvenile court of Douglas *347 County committed plain error when it did not follow applicable statutory procedures in changing the terms of his probation. A threshold jurisdictional issue is whether the appeal is subject to the expedited review procedures set forth in Neb.Rev.Stat. §§ 43-287.01 to 43-287.06 (Reissue 2004), which require submission to a juvenile review panel. We conclude that appellate jurisdiction exists and that there is plain error which requires reversal.

BACKGROUND
Based upon a plea of admission, the separate juvenile court of Douglas County adjudicated Markice M. as a child within the provisions of Neb.Rev.Stat. § 43-247(1) (Cum.Supp.2006) on November 6, 2006. Following a disposition hearing held on February 1, 2007, the juvenile court entered an order placing Markice under the supervision of a probation officer, but allowing him to remain in his home. The court imposed specific terms of probation requiring Markice to, inter alia, (1) write a letter of apology, (2) complete 20 hours of community service, (3) write a 500-word essay on the importance of respecting law enforcement authorities, (4) attend an 8-hour anger management course, and (5) participate in tutoring at his high school. The order included an admonition that failure to abide by the terms of probation "COULD RESULT IN YOUR DETENTION IN A SECURE DETENTION FACILITY AND/OR A REVOCATION OF YOUR PROBATION AND REMOVAL FROM YOUR PARENTS' HOME." A review hearing was scheduled for August 1, 2007.
On March 13, 2007, the court held a hearing on a "Motion for Immediate Custody," which was apparently filed by the State but does not appear in our record. In an order entered the following day "[b]y agreement of the parties," the juvenile court ordered Markice to be released from the Douglas County Youth Center to his parent and further ordered him to be placed in the temporary custody of the Department of Health and Human Services, Office of Juvenile Services (OJS), "for purposes of obtaining a community based evaluation." The record does not disclose when or why Markice was detained at the youth center.
On April 30, 2007, the juvenile court conducted an "evaluation hearing," at which hearing an evaluation report completed by OJS was made a part of the record. In the report, OJS recommended that Markice remain in the parental home subject to intensive supervision probation and that he be required to participate in individual and family therapy. During the hearing, the juvenile probation officer informed the court that she was concerned about Markice's safety and recommended that he be placed in a group home. The deputy county attorney concurred. Markice, through counsel, agreed with the intensive supervision probation recommendation in the OJS evaluation and argued that group home placement was not warranted and that he should be allowed to remain in the parental home. The juvenile court entered an order on May 1 requiring the probation officer to make application for group home placement.
Markice filed a timely notice of appeal. On the State's motion, the Court of Appeals on December 27, 2007, summarily dismissed the appeal for lack of jurisdiction, concluding that it should have been filed with the juvenile review panel pursuant to §§ 43-287.01 to 43-287.06. We granted the petition for further review filed by Markice.

ASSIGNMENTS OF ERROR
In his petition for further review, Markice assigns (1) that the Court of Appeals *348 erred in dismissing his appeal on the ground that it should have been taken to a juvenile review panel and (2) that the separate juvenile court committed plain error in changing the terms of his probation without complying with applicable statutory procedures.

STANDARD OF REVIEW
A jurisdictional question that does not involve a factual dispute is a matter of law that requires an appellate court to reach an independent conclusion irrespective of the determination made by the court below.[1] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[2]

ANALYSIS

JURISDICTION
Sections 43-287.01 to 43-287.06 provide the sole method of reviewing juvenile court dispositional orders falling within the ambit of the expedited appeal process specified therein.[3] Section 43-287.03 provides:
A juvenile review panel shall review a disposition of a court when the court makes an order directing the implementation of a plan different from the plan prepared by the Department of Health and Human Services concerning the care, placement, or services to be provided to the juvenile and the department or any other party believes that the court's order is not in the best interests of the juvenile.
Under this statute, a two-part test must be applied to determine whether an expedited review is required.[4] First, the order must implement a different plan than that proposed by the department.[5] Second, there must exist a belief that the court-ordered plan is not in the best interests of the juvenile.[6]
The issue in this appeal is not which of two alternativesparental home placement recommended by OJS or group home placement ordered by the juvenile courtis in the best interests of the juvenile. Rather, Markice contends that the juvenile court did not follow applicable statutory procedures in effecting what he characterizes as a change in the original disposition ordered by the court. Because the second part of the two-part test clearly is not met, we conclude that this appeal is not subject to the expedited review procedures set forth in §§ 43-287.01 to 43-287.06, and the Court of Appeals erred in dismissing the appeal for lack of jurisdiction.

MERITS
Markice contends that the juvenile court erred in changing the terms of his probation from in-home placement to group home placement without following the procedures specified in Neb.Rev.Stat. § 43-286(4) (Reissue 2004). He acknowledges *349 that he did not raise this issue in the juvenile court, but urges that we reach the issue as plain error. The State contends that § 43-286(4) is inapplicable because the hearing which led to the change was a "continued dispositional hearing" and the order requiring group home placement was thus a part of the original dispositional phase of the juvenile proceeding, not a subsequent modification.[7] We disagree with the State's position.
Disposition of juveniles adjudicated under § 43-247(1) is governed by § 43-286. Section 43-286(1)(a) permits a court to continue a dispositional hearing "from time to time upon such terms and conditions as the court may prescribe." It also authorizes specific alternative dispositions, one of which is to "[p]ermit the juvenile to remain in his or her own home . . . subject to the supervision of the probation officer."[8] We agree with the Nebraska Court of Appeals that § 43-286 "does not allow the juvenile court to place a juvenile on probation or exercise any of its other options [for disposition], and at the same time continue the dispositional hearing."[9] The juvenile court did not purport to do so in its dispositional order of February 13, 2007. Rather, it placed Markice on probation while permitting him to remain in his home, and scheduled a "probation review hearing" for August 1. The disposition was complete upon entry of this order.
The subsequent order requiring group home placement therefore constituted a change in the terms of probation specified in the dispositional order. When the State contends that a juvenile placed on probation has violated a term of probation or an order of the court, it is required to file a motion to revoke or change the disposition.[10] The motion "shall set forth specific factual allegations of the alleged violations" and a copy must be served on all persons entitled to service.[11] The juvenile is entitled to a hearing to determine the validity of the allegations.[12] At the hearing,
[t]he juvenile shall also be entitled to speak and present documents, witnesses, or other evidence on his or her own behalf. He or she may confront persons who have given adverse information concerning the alleged violations, may cross-examine such persons, and may show that he or she did not violate the conditions of his or her probation or, if he or she did, that mitigating circumstances suggest that the violation does not warrant revocation.[13]
These procedures were not followed in this case. The record does not include a motion containing factual allegations that Markice violated a term of his probation or an order of the court. The hearing at which the court decided to change its original disposition was for the purpose of reviewing the evaluation previously ordered by the court. The probation officer recommended group home placement due to safety concerns, not probation violations. The State does not contend that the hearing complied with § 43-286(4); it argues, incorrectly, that the hearing was a continuation of the original disposition and that the statute therefore did not apply.
*350 Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[14] Under similar circumstances, the Court of Appeals found plain error where a juvenile who had been placed on probation but allowed to remain in his parents' home was subsequently ordered committed to OJS for placement at a youth rehabilitation and training center without compliance with the procedures specified in § 43-286(4).[15] We reach the same conclusion here. The order requiring Markice to be placed in a group home had the effect of changing a term of his previously ordered probation without following the applicable statutory procedure.

CONCLUSION
For the reasons discussed, we reverse the order of dismissal entered by the Court of Appeals and remand the cause to that court with directions to vacate the order entered May 1, 2007, by the separate juvenile court of Douglas County, and to remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] In re Interest of Fedalina G., 272 Neb. 314, 721 N.W.2d 638 (2006).
[2] In re Interest of Devin W. et al., 270 Neb. 640, 707 N.W.2d 758 (2005).
[3] See, In re Interest of Jeffrey R., 251 Neb. 250, 557 N.W.2d 220 (1996); In re Interest of Alex T. et al., 248 Neb. 899, 540 N.W.2d 310 (1995).
[4] See, In re Interest of Jeffrey R., supra note 3; In re Interest of M.J.B., 242 Neb. 671, 496 N.W.2d 495 (1993).
[5] Id.
[6] Id.
[7] Brief for appellee at 4.
[8] § 43-286(1)(a)(ii).
[9] In re Interest of Torrey B., 6 Neb.App. 658, 666, 577 N.W.2d 310, 316 (1998).
[10] Id.; § 43-286(4)(b).
[11] § 43-286(4)(b)(i).
[12] § 43-286(4)(b)(ii).
[13] Id.
[14] In re Interest of Mainor T. & Estela T., 267 Neb. 232, 674 N.W.2d 442 (2004); In re Interest of D.W., 249 Neb. 133, 542 N.W.2d 407 (1996).
[15] In re Interest of Torrey B., supra note 9.