Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/30/2018 09:13 AM CST

In re Interest of Iyana P., a child
under 18 years of age.
State of Nebraska, appellee,
v. Iyana P., appellant.

___ N.W.2d ___

Filed January 9, 2018.    No. A-17-494.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **____: ____.** In reviewing questions of law arising under the Nebraska Juvenile Code, an appellate court reaches conclusions independent of the lower court's rulings.
3. **Juvenile Courts: Due Process.** Complying with the procedures under Neb. Rev. Stat. § 43-286(5) (Reissue 2016) is important because in a revocation proceeding, the juvenile is entitled to procedural protections, including the right to confront and cross-examine adverse witnesses.
4. **Juvenile Courts: Probation and Parole.** Under Neb. Rev. Stat. § 43-286 (Reissue 2016), a juvenile court may not change a disposition unless the juvenile has violated a term of probation or supervision or the juvenile has violated an order of the court and the procedures established in subsection (5)(b) have been satisfied.
5. **Juvenile Courts.** An original dispositional order cannot be changed at the whim of the juvenile court judge, but only as provided in Neb. Rev. Stat. § 43-286(5)(b) (Reissue 2016).
6. **Juvenile Courts: Appeal and Error.** Once a court has entered a disposition, it is plain error to change that disposition when the State has not complied with the applicable statutory procedures.
7. **Juvenile Courts: Probation and Parole.** Neb. Rev. Stat. § 43-286 (Reissue 2016) does not allow the juvenile court to place a juvenile on probation or exercise any of its other options for disposition and at the same time continue the dispositional hearing.

8. ____: ____. When the State contends that a juvenile placed on probation has violated a term of probation or an order of the court, it is required to file a motion to revoke or change the disposition.

9. **Juvenile Courts.** A motion to revoke or change a disposition shall set forth specific factual allegations of the alleged violations, a copy must be served on all persons entitled to service, and the juvenile is entitled to a hearing to determine the validity of the allegations.

Appeal from the Separate Juvenile Court of Douglas County: ELIZABETH CRNKOVICH, Judge. Reversed and remanded with directions.

Thomas C. Riley, Douglas County Public Defender, and Ryan T. Locke for appellant.

No appearance for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Iyana P. appeals from an order of the separate juvenile court of Douglas County which changed the terms of her probation and a subsequent order which denied her motion to vacate the order that changed her probation. Because we determine that the juvenile court did not follow applicable statutory procedures in changing the terms of her probation and that it denied her due process, we reverse the juvenile court's order denying Iyana's motion to vacate and remand the matter to the juvenile court with directions to vacate its order which changed Iyana's probation and for further proceedings consistent with this opinion.

### BACKGROUND

On August 9, 2016, a petition to adjudicate was filed in the separate juvenile court of Douglas County alleging that Iyana was within the meaning of Neb. Rev. Stat. § 43-247 (Reissue 2016) in that she had committed third degree assault. Following a detention hearing, the court entered an order on

- 441 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

August 18 which ordered that Iyana be detained at the Douglas County Youth Center until further order of the court.

A detention review hearing was held on August 24, 2016, and the juvenile court entered an order that Iyana be placed in "shelter care," as arranged by the Office of Probation Administration, and be released from the Douglas County Youth Center.

On October 17, 2016, the court entered an order adjudicating Iyana as a child within the meaning of § 43-247(1). Following a disposition hearing, the court entered an order on November 21 placing Iyana on probation for 6 months, subject to certain terms and conditions of probation. It further ordered that the probation "may automatically terminate on May 22, 2017 unless sooner extended or revoked for cause by the Court or unless a capias has been issued during the term of this probation."

On November 23, 2016, Iyana was released from the Douglas County Youth Center to the custody of her parent for placement at home. On January 6, 2017, a juvenile warrant was issued for Iyana because she was missing from a court-ordered placement—the parental home.

On January 11, 2017, following a detention hearing, the court entered an order recalling the warrant and placing Iyana on the "HOME Program," an alternative to detention.

On January 25, 2017, an order was entered placing Iyana in "shelter care" and set a "Check Hearing" for February 6. On January 30, the issue of Iyana's placement at a shelter was brought before the court. There was no objection made to placement at a shelter due to concerns for her well-being if she was to remain in the home of her parent. An order was entered placing Iyana at "Youth Links" shelter and the "HOME Program" was relieved of further responsibility.

A "Check Hearing" was held on February 6, 2017. The juvenile court ordered the Office of Probation Administration to seek foster care placement for Iyana and to make application for group home placement.

On March 21, 2017, another "Check Hearing" was held regarding the placement of Iyana. On April 25, the juvenile court entered an order placing Iyana at "Uta Halee" group home and further ordered that "[she] shall remain under the supervision of a probation officer, for an open ended period of time."

On April 27, 2017, Iyana filed a motion to vacate the court's April 25 order, alleging that the statutory procedures to change a juvenile's dispositional orders under Neb. Rev. Stat. § 43-286 (Reissue 2016) were not followed. The juvenile court denied the motion to vacate.

## ASSIGNMENTS OF ERROR

Iyana assigns that the juvenile court erred by extending her probation without a hearing, thereby violating her due process rights, and by denying her motion to vacate.

## STANDARD OF REVIEW

[1,2] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Candice H.*, 284 Neb. 935, 824 N.W.2d 34 (2012). In reviewing questions of law arising under the Nebraska Juvenile Code, an appellate court reaches conclusions independent of the lower court's rulings. *Id.*

## ANALYSIS

Iyana assigns that the juvenile court violated her due process rights when it extended her probation without a hearing. More specifically, she contends that the juvenile court did not follow the procedures established under § 43-286 in changing her original disposition ordered by the court.

[3] Section 43-286 sets out a juvenile court's disposition options for juveniles who have been adjudicated under § 43-247(1), (2), or (4). The procedures for changing an existing disposition are set forth in § 43-286(5). Complying with the procedures under § 43-286(5) is important because in a

- 443 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

revocation proceeding, the juvenile is entitled to procedural protections, including the right to confront and cross-examine adverse witnesses. See *In re Interest of Alan L.*, 294 Neb. 261, 882 N.W.2d 682 (2016).

Section 43-286(5)(b) governs the procedure for revoking a juvenile's probation or court supervision and changing the disposition:

When a juvenile is placed on probation or under the supervision of the court for conduct under subdivision (1), (2), (3)(b), or (4) of section 43-247 and it is alleged that the juvenile has violated a term of probation or supervision or that the juvenile has violated an order of the court, a motion to revoke probation or supervision or to change the disposition may be filed and proceedings held as follows:

(i) The motion shall set forth specific factual allegations of the alleged violations and a copy of such motion shall be served on all persons required to be served by sections 43-262 to 43-267;

(ii) The juvenile shall be entitled to a hearing before the court to determine the validity of the allegations. . . .

(iii) The hearing shall be conducted in an informal manner . . . .

(iv) The juvenile shall be given a preliminary hearing in all cases when the juvenile is confined, detained, or otherwise significantly deprived of his or her liberty as a result of his or her alleged violation of probation, supervision, or court order. . . .

(v) If the juvenile is found by the court to have violated the terms of his or her probation or supervision or an order of the court, the court may modify the terms and conditions of the probation, supervision, or other court order, extend the period of probation, supervision, or other court order, or enter any order of disposition that could have been made at the time the original order was entered; and

- 444 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

(vi) In cases when the court revokes probation, supervision, or other court order, it shall enter a written statement as to the evidence relied on and the reasons for revocation.

[4,5] Under § 43-286, a juvenile court may not change a disposition unless the juvenile has violated a term of probation or supervision or the juvenile has violated an order of the court and the procedures established in subsection (5)(b) have been satisfied. See *In re Interest of Torrey B.*, 6 Neb. App. 658, 577 N.W.2d 310 (1998). In other words, the original dispositional order cannot be changed at the whim of the juvenile court judge, but only as provided in subsection (5)(b). *In re Interest of Torrey B., supra*.

[6] The Nebraska Supreme Court and this court have both held that once a court has entered a disposition, it is plain error to change that disposition when the State has not complied with the applicable statutory procedures. See, *In re Interest of Markice M.*, 275 Neb. 908, 750 N.W.2d 345 (2008); *In re Interest of Torrey B., supra*.

[7] In *In re Interest of Torrey B., supra*, the juvenile was adjudicated under § 43-247(1) and the court placed the juvenile on indefinite probation with placement in the parental home. The court subsequently committed the juvenile to the Office of Juvenile Services (OJS) for placement at a youth rehabilitation and treatment center. The juvenile court did this without any pleading, motion, or notice by the State, claiming the juvenile had violated the terms of his probation. On appeal, this court stated that the juvenile court apparently assumed that by putting a provision in the original dispositional order continuing the matter, it could change the order without pleadings, notice, or evidence. We held that § 43-286 does not allow the juvenile court to place a juvenile on probation or exercise any of its other options for disposition and at the same time continue the dispositional hearing. *In re Interest of Torrey B., supra*. We further held that the juvenile court committed plain error in committing the juvenile to OJS, as

- 445 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

it had the effect of revoking the juvenile's probation without following applicable statutory procedure. *Id.*

Similarly, in *In re Interest of Markice M., supra*, the juvenile argued that the court erred in changing the terms of his probation from inhome placement to group home placement without following the procedures in § 43-286(4), now found in § 43-286(5). The juvenile was adjudicated under § 43-247(1), and the juvenile court subsequently entered a dispositional order placing him on probation, but allowing him to remain in his home. A few months later, the juvenile court conducted an "'evaluation hearing'" at which time the probation officer informed the court that she was concerned about the juvenile's safety in the home and recommended that he be placed in a group home. *In re Interest of Markice M.*, 275 Neb. at 910, 750 N.W.2d at 347. The juvenile court entered an order requiring the probation officer to make application for group home placement. The State argued that the hearing which led to the change was a "'continued dispositional hearing'" and that the order requiring group home placement was part of the original dispositional phase, not a subsequent modification. *Id.* at 912, 750 N.W.2d at 349.

[8,9] The Nebraska Supreme Court disagreed with the State's position and reversed the juvenile court's order requiring the probation officer to make application for group home placement. In doing so, the court agreed with our holding in *In re Interest of Torrey B.*, 6 Neb. App. 658, 577 N.W.2d 310 (1998), that § 43-286 does not allow the juvenile court to place a juvenile on probation or exercise any of its other options for disposition, and at the same time continue the dispositional hearing. It held that the disposition was complete upon entry of the court's order placing the juvenile on probation and permitting him to remain in his home. *In re Interest of Markice M.*, 275 Neb. 908, 750 N.W.2d 345 (2008). The court further held that the subsequent order requiring group home placement constituted a change in the terms of probation specified in the dispositional order. *Id.* It stated that when the State

- 446 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

contends that a juvenile placed on probation has violated a term of probation or an order of the court, it is required to file a motion to revoke or change the disposition. *Id.*, citing *In re Interest of Torrey B., supra*; § 43-286. The motion "'shall set forth specific factual allegations of the alleged violations,'" a copy must be served on all persons entitled to service, and the juvenile is entitled to a hearing to determine the validity of the allegations. *In re Interest of Markice M.*, 275 Neb. at 913, 750 N.W.2d at 349, citing § 43-286.

The *In re Interest of Markice M.* court concluded that the order requiring the juvenile to be placed in a group home had the effect of changing a term of his previously ordered probation without following the applicable statutory procedure. The court ordered that the order changing the disposition be vacated and that the matter be remanded to the juvenile court for further proceedings.

More recently, in *In re Interest of Alan L.*, 294 Neb. 261, 882 N.W.2d 682 (2016), the Nebraska Supreme Court did not reverse the order changing the disposition even though the procedures did not comply with § 43-286(5). Rather, it concluded that despite procedural flaws, the juvenile was not denied due process. The juvenile was adjudicated under § 43-247(1), and he was subsequently placed on probation and allowed to live with his parent. After the juvenile was placed on probation, the State filed three different commitment motions related to the juvenile's noncooperation with his probation terms. But the State never filed a motion to revoke his probation. Following a hearing on a second amended motion to commit the juvenile to OJS for placement at a youth rehabilitation and treatment center, the court found that allegations for commitment were true, placed the juvenile on intensive supervision probation, and committed him to OJS for placement at the treatment center.

On appeal, among other arguments, the juvenile claimed that the commitment hearing deprived him of his due process right to confront and cross-examine his accusers. He argued

- 447 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

that if the State had filed a motion to revoke his probation, he would have had a statutory right to confront and cross-examine witnesses against him.

The *In re Interest of Alan L.* court found that because the motion rested on probation violations, the State should have filed a motion to revoke probation to support its requested change in the disposition. It recognized its previous holding in *In re Interest of Markice M.*, 275 Neb. 908, 912-13, 750 N.W.2d 345, 349 (2008): "When the State contends that a juvenile placed on probation has violated a term of probation or an order of the court, it is required to file a motion to revoke or change the disposition." The *In re Interest of Alan L.* court found that although the State did not comply with its previous holding, the State's motion had put the juvenile on notice that it was seeking a commitment to OJS because of his probation violations. The Supreme Court further noted that the juvenile did not contend he did not have notice of the claim and that he had not shown the State denied him any protections he would have received had the State filed a revocation motion. Further, at the commitment hearing, the juvenile was represented by counsel and not precluded from presenting evidence. The Supreme Court found that despite procedural flaws, the juvenile court's procedures did not deny the juvenile an opportunity to challenge the State's recommendations for the commitment, so he was not denied due process. *In re Interest of Alan L., supra*.

The present case is similar to all three cases discussed above in that the State did not follow the statutory procedures in § 43-286(5). Iyana's dispositional order placed her on probation for 6 months. The juvenile court subsequently ordered that "[she] shall remain under the supervision of a probation officer, for an open ended period of time." The subsequent order constituted a change in the terms of Iyana's probation, and the court made this change without following the statutory procedures under § 43-286 to change a juvenile's dispositional orders.

- 448 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF IYANA P.
Cite as 25 Neb. App. 439

We further determine that, unlike the juvenile in *In re Interest of Alan L.*, 294 Neb. 261, 882 N.W.2d 682 (2016), Iyana was denied due process. Although Iyana had notice that her probation would not automatically terminate on May 22, 2017, if a capias was issued during the term of probation, and one was issued on January 6, 2017, the State did not file a motion to revoke her probation and there was no hearing to determine if Iyana violated a term of her probation. Because there was no hearing, Iyana could not confront or cross-examine witnesses against her. Therefore, in addition to the statutory procedural flaws, the juvenile court's procedures denied Iyana an opportunity to challenge a change in the terms of her probation and she was denied due process.

We conclude that the juvenile court erred in extending Iyana's probation indefinitely, as it had the effect of revoking her probation without following the applicable statutory procedures under § 43-286. The juvenile court's procedures also denied Iyana due process. Therefore, the trial court erred in denying Iyana's motion to vacate.

## CONCLUSION

We conclude that the juvenile court erred in changing the terms of Iyana's probation without following the statutory procedures set forth in § 43-286 and in denying her due process. Accordingly, we reverse the juvenile court's order denying Iyana's motion to vacate and remand the matter to the juvenile court with directions to vacate its order entered April 25, 2017, and for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.