Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/20/2018 09:11 AM CDT

In re Interest of Josue G., a child
under 18 years of age.
State of Nebraska, appellee, v.
Josue G., appellant.

___ N.W.2d ___

Filed April 26, 2018.    No. S-17-812.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Juvenile Courts: Statutes: Jurisdiction.** A juvenile court is a statutorily created court of limited and special jurisdiction, and it has only the authority which the statutes confer on it.
3. **Juvenile Courts: Probation and Parole: Pleadings.** Neb. Rev. Stat. § 43-286(5) (Reissue 2016) authorizes a juvenile court to change an existing disposition of probation, but its power to do so is premised upon the existence of an appropriate motion and upon its compliance with the specified procedures.
4. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Separate Juvenile Court of Douglas County: Elizabeth G. Crnkovich, Judge. Vacated and remanded.

Thomas C. Riley, Douglas County Public Defender, Ryan T. Locke, and Katie L. Jadlowski for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Derr and Urbom, District Judges.

Cassel, J.

## INTRODUCTION

After a juvenile on probation pursuant to a previous adjudication allegedly committed a new offense, the State moved to revoke probation. But when the juvenile entered a denial to the new charge, the State withdrew its motion. Nonetheless, the separate juvenile court of Douglas County extended the term of probation and imposed additional community service. Because the court did not follow applicable statutory procedures and thereby exceeded its statutory authority, we vacate the order, and remand the cause to the juvenile court for further proceedings consistent with this opinion.

## BACKGROUND

The juvenile court adjudicated Josue G. under Neb. Rev. Stat. § 43-247(1) (Reissue 2016). On September 27, 2016, the court entered a dispositional order, placing Josue on probation for 4 months. Among other things, it ordered Josue to complete 20 hours of community service.

On January 24, 2017, the State moved to revoke Josue's probation based on alleged violations of probationary terms. The juvenile court found that the terms of Josue's probation should not automatically terminate. A February 28 order stated that the State withdrew its motion to revoke probation and that the parties agreed Josue would abide by the court's previous orders, except as therein modified. The court extended Josue's probation for 6 months.

On May 11, 2017, the State again moved to revoke Josue's probation. The motion alleged that Josue had incurred a new law violation, used marijuana, and failed to attend educational programming.

On July 5, 2017, the juvenile court held a hearing on the motion to revoke probation and an arraignment on a new charge. After Josue entered a denial to the new charge, the court asked how the State wished to proceed on its motion to revoke. The following colloquy occurred:

[The State]: Your Honor, the State is going to withdraw its motion.

THE COURT: You are. Even though we have a new charge? You are not going to talk to [counsel for Josue] or anything? Huh.

All right. It is your right. Motion withdrawn.

What do you wish to do next then? Did you wish to have me review the matter?

[The State]: Yes, Your Honor.

THE COURT: I see. All right.

The court then heard from an individual associated with probation and ascertained that counsel for the parties agreed Josue should continue with his therapy. The court also engaged in a discussion with Josue during which it told him he needed to perform volunteer work.

On July 7, 2017, the juvenile court entered an order titled "Violation of Probation Hearing/Motion Is Withdrawn/Order." After reciting that the motion to revoke probation was withdrawn, the order stated in part:

The Court finds that . . . Josue . . . must do community service until actively employed, AND IT IS SO ORDERED.

IT IS FURTHER ORDERED that based on the filing of the Motion to Revoke Probation and additional charges pending pursuant to JV 17 892, the terms and conditions of probation shall not automatically terminate on August 28, 2017 . . . .

IT IS FURTHER ORDERED that the previous orders of this Court remain in full force and effect, except as modified herein, AND IT IS SO ORDERED.

IT IS FURTHER ORDERED that the probation review hearing will be held on **December 5, 2017 at 9:45 a.m.** unless application is made for a hearing prior thereto.

Josue filed a timely appeal, and we moved the case to our docket.[1]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

ASSIGNMENT OF ERROR

Josue assigns that the juvenile court violated his due process rights by extending his probation and making further dispositional orders without a hearing.

STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.[2]

ANALYSIS

[2] Josue argues that the juvenile court did not follow statutory procedures when it extended his probation and ordered community service. We first recall that a juvenile court is a statutorily created court of limited and special jurisdiction, and it has only the authority which the statutes confer on it.[3] Thus, we look to the authority conferred by statute. Josue relies upon a specific statute, and because the State did not file a brief in this appeal, there is no suggestion that any other statute authorized the juvenile court's order.

[3] Neb. Rev. Stat. § 43-286(5) (Reissue 2016) authorizes a juvenile court to change an existing disposition of probation, but its power to do so is premised upon the existence of an appropriate motion and upon its compliance with the specified procedures. We have previously emphasized the importance of complying with the procedures under § 43-286(5), because a juvenile is entitled to procedural protections, including the right to confront and cross-examine adverse witnesses.[4]

Section 43-286(5)(b) provides:

When a juvenile is placed on probation or under the supervision of the court for conduct under subdivision (1), (2), (3)(b), or (4) of section 43-247 and it is alleged

---

[2] *In re Interest of Dana H., ante* p. 197, 907 N.W.2d 730 (2018).

[3] See *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015).

[4] See *In re Interest of Alan L.*, 294 Neb. 261, 882 N.W.2d 682 (2016).

that the juvenile has violated a term of probation or supervision or that the juvenile has violated an order of the court, *a motion to revoke probation or supervision or to change the disposition may be filed and proceedings held* as follows:

(i) The motion shall set forth specific factual allegations of the alleged violations and a copy of such motion shall be served on all persons required to be served by sections 43-262 to 43-267;

(ii) *The juvenile shall be entitled to a hearing before the court to determine the validity of the allegations. At such hearing the juvenile shall be entitled to those rights relating to counsel provided by section 43-272 and those rights relating to detention provided by sections 43-254 to 43-256. The juvenile shall also be entitled to speak and present documents, witnesses, or other evidence on his or her own behalf. He or she may confront persons who have given adverse information concerning the alleged violations, may cross-examine such persons, and may show that he or she did not violate the conditions of his or her probation or supervision or an order of the court or, if he or she did, that mitigating circumstances suggest that the violation does not warrant revocation of probation or supervision or a change of disposition. The hearing shall be held within a reasonable time after the juvenile is taken into custody*;

(iii) [authorizing hearing to be conducted in an informal manner];

(iv) [providing for a preliminary hearing when the juvenile is confined, detained, or otherwise significantly deprived of his or her liberty];

(v) *If the juvenile is found by the court to have violated the terms of his or her probation or supervision or an order of the court, the court may modify the terms and conditions of the probation, supervision, or other court order, extend the period of probation, supervision, or other court order, or enter any order of disposition that*

*could have been made at the time the original order was entered*; and

(vi) In cases when the court revokes probation, supervision, or other court order, it shall enter a written statement as to the evidence relied on and the reasons for revocation.

(Emphasis supplied.)

Under § 43-286(5)(b), a juvenile's disposition may not be changed in the absence of a motion to revoke probation or supervision or to change the disposition. Although the State filed such a motion, it withdrew the motion before it was heard. Thus, there was no hearing as contemplated in § 43-286(5)(b)(ii) to establish whether Josue violated a term of his probation, supervision, or court order. And without such a hearing, there could be no finding by the juvenile court under § 43-286(5)(b)(v) that Josue violated a term of his probation or an order of the court. Because there was no motion to revoke probation, the juvenile court lacked authority to extend Josue's probation and order that he engage in community service until employed.

For the sake of completeness, we note that § 43-286 was amended with an effective date of August 24, 2017.[5] However, the amendments do not diminish the statutory prerequisites to a juvenile court's authority to modify the terms and conditions of probation, extend the period of probation, or enter a different order of disposition. And we are aware that another statute was amended, with the same effective date, to authorize a juvenile court at any time during probation to "reduce or eliminate any of the conditions imposed on the juvenile."[6] But, obviously, that provision does not authorize an extension of the length of probation or an increase in the terms of probation.

The conclusion that the statutory procedure in § 43-286 must be followed in order to change the terms of a juvenile's

---

[5] See Neb. Rev. Stat. § 43-286 (Supp. 2017).

[6] Neb. Rev. Stat. § 43-286.01(10) (Supp. 2017).

existing disposition is amply supported by case law.[7] The Nebraska Court of Appeals recently discussed this case law in detail,[8] and we need not repeat that discussion here. Suffice it to say, both this court and the Court of Appeals have held that once a court has entered a disposition, it is plain error to change that disposition in the absence of compliance with the applicable statutory procedures.[9]

Because the juvenile court changed the preexisting disposition in the absence of an appropriate motion and without complying with the applicable statutory procedures, it exceeded its authority. We vacate the juvenile court's July 7, 2017, order.

[4] Josue also argues that the juvenile court violated his due process rights. We do not reach this argument. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[10] As discussed above, the court changed Josue's dispositional order in the absence of a motion and without a hearing to determine whether Josue violated a term of his probation or court order. Because the juvenile court exceeded its statutory authority, no further analysis is needed.

### CONCLUSION

Because the juvenile court exceeded its statutory authority in changing the terms of Josue's probation, we vacate the juvenile court's July 7, 2017, order and remand the cause to the juvenile court for further proceedings consistent with this opinion.

Vacated and remanded.

---

[7] See, *In re Interest of Alan L., supra* note 4; *In re Interest of Markice M.*, 275 Neb. 908, 750 N.W.2d 345 (2008); *In re Interest of Iyana P.*, 25 Neb. App. 439, 907 N.W.2d 333 (2018); *In re Interest of Torrey B.*, 6 Neb. App. 658, 577 N.W.2d 310 (1998).

[8] *In re Interest of Iyana P., supra* note 7.

[9] See, *In re Interest of Markice M., supra* note 7; *In re Interest of Torrey B., supra* note 7.

[10] *In re Interest of Carmelo G.*, 296 Neb. 805, 896 N.W.2d 902 (2017).