- 446 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

In re Interest of Nowa K., a child
under 18 years of age.
State of Nebraska, appellee,
v. Nowa K., appellant.

___ N.W.3d ___

Filed February 11, 2025.    No. A-24-305 through A-24-307.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Juvenile Courts: Probation and Parole: Pleadings.** Neb. Rev. Stat. § 43-286(5) (Cum. Supp. 2024) authorizes a juvenile court to change an existing disposition of probation, but its power to do so is premised upon the existence of an appropriate motion and upon its compliance with the specified procedures.
3. **Juvenile Courts.** Neb. Rev. Stat. § 43-286(6) (Cum. Supp. 2024) restricts a juvenile court's ability to change a juvenile's disposition.
4. **Constitutional Law: Due Process.** Generally, procedural due process requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker.

Appeal from the Separate Juvenile Court of Douglas County: Mary M.Z. Stevens, Judge. Reversed and remanded with directions.

Christine D. Henningsen for appellant.

- 447 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

Laura E. Lemoine, Deputy Douglas County Attorney, and Trenton Hoeft, Senior Certified Law Student, for appellee.

Riedmann, Chief Judge, and Pirtle and Arterburn, Judges.

Riedmann, Chief Judge.

## INTRODUCTION

Nowa K. appeals from the order of the separate juvenile court of Douglas County that terminated his probation unsatisfactorily, ordered that his record remain unsealed, and terminated the jurisdiction of the juvenile court. Because the procedure utilized by the juvenile court was unauthorized and violated Nowa's due process rights, we reverse the judgment of the juvenile court and remand the cause with directions.

## BACKGROUND

Nowa, born in July 2006, was involved in three separate cases before the juvenile court. The first two cases at issue are those in case Nos. A-24-305 and A-24-306. Both originated in the separate juvenile court of Douglas County in December 2018. In both cases, Nowa was adjudicated under Neb. Rev. Stat. § 43-247(1) (Reissue 2016). He was placed on an open-ended term of probation in February 2020. In April 2023, this was changed to "administrative probation." The third case involved in this appeal, case No. A-24-307, began in the separate juvenile court of Lancaster County in December 2020. In October 2021, Nowa was adjudicated in that case under § 43-247(2). That same month, the case was transferred to the separate juvenile court of Douglas County.

A February 2024 "Continuance Order" was filed in all three cases. It noted that Nowa and the State each offered one exhibit that was received into evidence. Referencing the State's exhibit, the order stated that Nowa entered a plea of no contest to one count of robbery, a Class II felony, and one count of theft by unlawful taking, $5,000 or more, a Class IIA felony, both in Douglas County District Court, and that the matter was set for sentencing on July 11.

- 448 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

At a hearing on March 22, 2024, on Nowa's motion to add an authorized visitor, the State made an oral motion to terminate the jurisdiction of the juvenile court in all three cases. The State noted that Nowa had pled to serious charges in the district court, Nowa had counsel in that case, and there was not a need "to keep coming into juvenile court when he is now in an adult situation and he's obviously facing some pretty significant sentence[s]." The State specified that it was not alleging a violation of probation or asking to terminate probation; it was asking only to terminate the jurisdiction of the juvenile court. The State offered no evidence in support of its motion. Nowa and his guardian ad litem objected to the motion.

Following the hearing, the juvenile court entered an order in all three cases finding that Nowa did not satisfactorily complete probation, terminating his probation as unsatisfactorily completed, ordering that his record remain unsealed at that time, and terminating the jurisdiction of the juvenile court. Nowa appeals.

## ASSIGNMENTS OF ERROR

Nowa assigns that the juvenile court erred in overruling his objection to the State's motion to terminate jurisdiction that did not comport with the basic tenants of due process, erred in terminating his probation unsatisfactorily, and erred in terminating jurisdiction over him and ordering that his records not be sealed.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Gunner B.*, 312 Neb. 697, 980 N.W.2d 863 (2022).

## ANALYSIS

Nowa's assignments of error all relate to a March 27, 2024, order issued by the juvenile court following a hearing on his motion to add an authorized visitor, which he withdrew at the

- 449 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

hearing. After the juvenile court recognized that the motion was withdrawn, the State orally moved that the juvenile court terminate its jurisdiction based upon Nowa's no contest plea "to some very serious charges in District Court" of which "the Court is very well aware." However, no testimony was adduced, no exhibits were offered, and the juvenile court was not asked to take judicial notice of any pleadings. Our record consists only of arguments made by counsel at the hearing.

[2] Following the hearing, the juvenile court issued an order terminating Nowa's probation as unsatisfactorily completed, terminating its jurisdiction over him, and ordering that his records not be sealed. Although we note the State specifically argued that it was not seeking a revocation of Nowa's probation, the court's order terminating Nowa's probation as unsatisfactorily completed did just that, resulting in Nowa's record not being sealed. See Neb. Rev. Stat. § 43-286.01(10) (Cum. Supp. 2024) (providing juvenile's record be sealed upon successful completion of probation). Prior to a revocation of a juvenile's probation, however, certain statutory procedures must be followed to protect a juvenile's procedural rights. Neb. Rev. Stat. § 43-286(5) (Cum. Supp. 2024) authorizes a juvenile court to change an existing disposition of probation, but its power to do so is premised upon the existence of an appropriate motion and upon its compliance with the specified procedures. *In re Interest of Josue G.*, 299 Neb. 784, 910 N.W.2d 159 (2018).

Pursuant to § 43-247, a juvenile court acquires jurisdiction of:

(1) Any juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance, and who, beginning July 1, 2017, was eleven years of age or older at the time the act was committed;

(2) Any juvenile who has committed an act which would constitute a felony under the laws of this state

- 450 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

and who, beginning July 1, 2017, was eleven years of age or older at the time the act was committed.

Once the juvenile court acquires jurisdiction over a juvenile under § 43-247(1) or (2), further proceedings are governed statutorily. See § 43-286 (disposition options). One option, as exercised here, is to place the juvenile on probation. See § 43-286(1)(a)(i). Once this has been done, further disposition is also governed by statute. Section 43-286(5) sets forth the procedure to follow if it is alleged that the juvenile is again a juvenile described in subsection (1), (2), (3)(b), or (4) of § 43-247 or if it is alleged the juvenile has violated a term of probation or supervision or has violated an order of the court.

[3] Moreover, § 43-286(6) restricts a juvenile court's ability to change a juvenile's disposition. Section 43-286(6) states:

(6)(a) Except as provided in subdivision (6)(b) of this section, the court shall not change a disposition unless the court finds that the juvenile has violated a term or condition of probation or supervision or an order of the court and the procedures in subdivision (5)(b) of this section have been satisfied.

(b) Upon motion of the juvenile, the court may modify the terms or conditions of probation or supervision or modify a dispositional order if:

(i) All parties stipulate to the particular modification; and

(ii) The juvenile has consulted with counsel or has waived counsel. Any waiver must be particular to the modification and shall comply with section 43-3102.

Certain other individuals, excluding the State, may also request changes in probation. Section 43-286.01(10) provides:

During the term of probation, the court, on application of a probation officer or of the juvenile or on its own motion, may reduce or eliminate any of the conditions imposed on the juvenile. Upon completion of the term of probation or the earlier discharge of the juvenile, the

- 451 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

juvenile shall be relieved of any obligations imposed by the order of the court and his or her record shall be sealed pursuant to section 43-2,108.04.

The State does not direct us to any statutory authority that allows a juvenile court to otherwise change an adjudicated juvenile's disposition, nor have we located any. Therefore, because the State did not comply with the statutory requirements for revocation of probation pursuant to § 43-286 and neither a probation officer nor Nowa requested elimination of probation under § 43-286.01—and the court's order was not based upon its own motion to do so—it was improper for the court to revoke probation and terminate its jurisdiction.

[4] Additionally, even if we were to construe the court's revocation of probation as being done on its own motion, Nowa had no notice of the State's request to terminate jurisdiction that led to the court's order and was thus denied due process. The Nebraska Supreme Court has held that even in situations in which the full panoply of procedures common to civil trials do not apply, due process does impose some basic requirements. See, *Yerania O. v. Juan P.*, 310 Neb. 749, 969 N.W.2d 121 (2022); *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). This generally requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker. See *Yerania O. v. Juan P., supra*. It also requires some type of evidence, meaning testimony must be under oath and documents must be admitted into evidence before being considered. See *Mahmood v. Mahmud, supra*. See, also, *In re Interest of Jordan B.*, 300

- 452 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF NOWA K.
Cite as 33 Neb. App. 446

Neb. 355, 913 N.W.2d 477 (2018) (recognizing due process requirement for juveniles).

Here, Nowa was not given advance notice of the State's motion. Although the State had previously moved for the juvenile court to terminate jurisdiction, the juvenile court stated it would not entertain such a motion until after Nowa was sentenced. At the time of the March 22, 2024, hearing, Nowa had not yet been sentenced and was not scheduled for sentencing until July. Aside from the State making an oral motion at a hearing scheduled solely on Nowa's motion to add an authorized visitor, no evidence was offered or received; no witnesses testified, no exhibits were offered, and the court was not requested to take judicial notice of any prior orders. Consequently, in addition to the violation of Nowa's due process rights, the juvenile court had no evidence upon which it could base its findings. We find in our de novo review that the evidence is insufficient to support the juvenile court's order. See *Mahmood v. Mahmud, supra.*

## CONCLUSION

For the foregoing reasons, we reverse the judgment and remand the cause with directions to vacate the juvenile court's order dated March 27, 2024.

Reversed and remanded with directions.